Evangelia A ZECOS, Plaintiff—
Appellant,

v.

NICHOLAS–APPLEGATE    CAPITAL
MANAGEMENT, a California Limit-
ed Partnership, Defendant—Appellee.

No. 01–55935.
D.C. No. CV–99–01741–WFN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2002.

Decided June 18, 2002.

Before FERNANDEZ, WARDLAW
and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Evangelia Zecos appeals the district
court's grant of summary judgment in fa-
vor of Nicholas–Applegate Capital Man-
agement.   The district court found that
Zecos's claims, predicated upon an alleged
oral   contract   with   Nicholas–Applegate
made in 1992, were time-barred by the
applicable statutes of limitations when she
brought them in August 1999 and that the
contract, in any event, was illegal and un-
enforceable.   We have jurisdiction under
28 U.S.C. § 1291, and we affirm on the
basis of the applicable statute of limita-
tions.   We therefore need not reach the
question of the enforceability of the pur-
ported contract.

■■■   In this diversity case, the parties
agree that California law provides the ap-
plicable statutes of limitations.   Zecos as-
serts both breach of contract and fraud-
based claims arising from the 1992 oral
contract.   Assuming such a contract exists,
the applicable statutes of limitations—two

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

years for breach of an oral contract, Cal. Code Civ. Pro. § 339, and three years for fraud-based claims, Cal.Code Civ. Pro. § 338(d)—bar all of Zecos's claims. *Kurokawa v. Blum,* 199 Cal.App.3d 976, 989, 245 Cal.Rptr. 463 (1988) (barring contract and fraud claims based on §§ 339 and 338(d); action accrued from date of non-performance); *Television Adventure Films Corp. v. KCOP Television, Inc.,* 249 Cal.App.2d 268, 278–79, 57 Cal.Rptr. 526 (1967) (Sections 339 and 338(d) bar actions based on breach of oral contract and fraud if actions are commenced more than three years after plaintiff learns of the breach.).

Although Zecos contends that the oral contract was made in late 1992, she argues that her cause of action did not accrue until Nicholas–Applegate terminated the contractual relationship in 1998. A cause of action for a breach of an oral contract accrues at the time of the breach, *i.e.,* when the party charged with the duty to perform under the contract fails to perform. *Cochran v. Cochran,* 56 Cal.App.4th 1115, 1124, 66 Cal.Rptr.2d 337 (1997); *Parker v. Walker,* 5 Cal.App.4th 1173, 1190, 6 Cal.Rptr.2d 908 (1992) (statute of limitations begins to run when oral contract is repudiated). Here, Nicholas–Applegate disavowed and repeatedly refused to perform the alleged contract, almost from the contract's inception. Moreover, Zecos admitted that she never received the payments contemplated by the alleged contract. As the district court noted, "years of non-payment put Ms. Zecos on notice of [Nicholas–Applegate]'s breach" of the contract.

Zecos's fraud-based claims did not accrue until she discovered the facts constituting the alleged fraud. Cal. Civ. Proc. § 338(d); *see also Magpali v. Farmers Group, Inc.,* 48 Cal.App.4th 471, 484, 55 Cal.Rptr.2d 225 (1996) ("the crucial event for accrual purposes is the occasion on which the plaintiff first learns of the [claim], not the date on which he is terminated."). Although Zecos claims that she only discovered the fraud upon her termination in 1998, the termination itself was not a newly discovered element of the fraud. Zecos was aware of each of the elements of her fraud-based claims as of 1994, when Nicholas–Applegate disavowed the contract and refused to pay her.

AFFIRMED.